IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Crescencio Perez-Perez, | C/A No. 9:19-1984-CMC |
| Plaintiff, | |
| v. | **OPINION and ORDER** |
| C.E. Floyd, Warden of FCI Estill, S.C., in his personal capacity; E. Rainwater, AHSA, in his personal capacity; Dr. Jose Hernandez, Medical officer, in his personal capacity; Carolyn V. Rickards, Regional Director, in her personal capacity; Wendy J. Roald, Administrator National Inmate Appeals, in her personal capacity; And Does 1-10, inclusive, | |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* Complaint, filed in this court pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff seeks monetary damages for alleged violations of equal protection and due process.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On December 4, 2019, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for

---

[1] Plaintiff states he brings his case pursuant to 42 U.S.C. § 1983. However, as the Defendants are employed by the Federal Bureau of Prisons ("BOP") and thus federal employees, his claims are considered under *Bivens*.

filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections to the Report, but instead has filed an Amended Complaint, apparently attempting to cure the deficiencies outlined by the Magistrate Judge in the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Under established local procedure and in light of certain legal precedents, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. *See also Denton v. Hernandez*, 504 U.S. 25 (1992); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc). Moreover, because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (per curiam); and *Cruz v. Beto*, 405 U.S. 319 (1972).

Upon initial review, Plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even with this assumption, Plaintiff must plead factual content that allows the court to draw the reasonable inference that the named defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

This court must dismiss any action filed by a prisoner if the court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory" or claims where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Even when considered under this less stringent standard, however, Plaintiff's Amended Complaint is subject to summary dismissal. Plaintiff attempts to cure the deficiencies noted in the Report regarding the statute of limitations and the accrual of his claims, and has provided further details on his claims. Plaintiff's Amended Complaint alleges that while he injured his penis in 1996, his claim did not accrue until "he had reason to know of his injury [on] February 5, 2018." ECF No. 18 at 5. To support this, he has attached two pages of medical records dated February 5, 2018, for two examinations: a fluoroscopic voiding cystourethrography, and a fluoroscopic retrograde urethrocystography. ECF No. 18-2 at 34, 35. Both procedures were "successful" and "unremarkable." *Id.* There is no indication of new problems or issues raised on either test, or notations requiring follow up or further treatment. Essentially, there is nothing on these notes revealing an injury or consequence of the original injury about which Plaintiff did not already

3

know. As conceded, Plaintiff knew of his fall and injury when it occurred in 1996, and any claims regarding his medical treatment at the BOP would have accrued at the time it occurred or failed to occur.[2] The court therefore finds Plaintiff's claims were brought outside the statute of limitations and must be dismissed as untimely.[3]

Even if timely, however, the court finds Plaintiff's Amended Complaint fails to set forth a claim on which Defendants could plausibly be liable. The court agrees with the Magistrate Judge's determination that Plaintiff received treatment for his fall numerous times at the BOP, and was referred to outside providers when necessary. Although Plaintiff alleges he "never received medical treatment neither [sic] painkiller for his pain" for his injury after the fall, this is patently untrue based on the medical records submitted by Plaintiff with his Amended Complaint. *See* ECF No. 18-2 (medical records show Plaintiff was seen two days after the fall, and at least 10 times in the year in which the fall occurred, including a retrograde urethrogram at an outside hospital). As noted by the Magistrate Judge, Plaintiff does not have a constitutional right to his preferred treatment. It is clear Plaintiff's injury was evaluated many times and treatment administered. The facts as pleaded do not show a plausible claim for deliberate indifference to medical needs.

---

[2] This conclusion is emphasized by Plaintiff's previous filing of a claim nearly identical to this one before he was seen for the medical procedures taking place on February 5, 2018. *See Perez-Perez v. Ray*, C/A No. 16-3574. That lawsuit was dismissed based on the statute of limitations and failure to state a plausible claim (*Id.* at ECF No. 24), and the Court of Appeals affirmed for the reasons stated by the district court (ECF No. 32).

[3] Although Plaintiff appears to allege a Due Process claim and/or a claim for civil conspiracy, the only allegations are related to the medical care for the injury to his penis. Such claims would also be barred by the statute of limitations.

4

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. In addition, the court has carefully reviewed the Amended Complaint and concludes that, even according it liberal construction, it suffers from the same deficiencies as the original Complaint. Accordingly, the court adopts and incorporates the Report and Recommendation by reference as supplemented in this Order. For the reasons above, Plaintiff's case is dismissed without prejudice and without issuance and service of process.[4]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 6, 2020

---

[4] Although this case is dismissed without prejudice due to the procedural posture of the case, it does not appear Plaintiff could allege any set of facts regarding the injury to his penis that would result in a cognizable claim at this point.